Trumbull, J., dissenting. I cannot assent to the foregoing decision. The judgment offered in evidence is, according to my understanding, simply a judgment in personam against the owners of the lands, and not a judgment against the lands themselves, which alone the Court had jurisdiction to render. It reads as follows; “ It is considered and adjudged by the Corad, that the State of Illinois do severally recover of the. several owners of the lands, described in the report and list aforesaid, the taxes due upon each of said lots of land, being the same set down in figures opposite to each lot of land, together with the interests and costs due thereon, and the costs of this proceeding; and it is further considered and adjudged, that each of said lots of land, described in the list aforesaid, or so much thereof as will be sufficient, be sold, to satisfy and pay this judgment and the costs of sale, and this judgment is to he entered as a several judgment against the owner of each lot of land, described in the report and list, and the land itself, for the taxes, interest and costs due upon the same.” The judgment against the owners of the lands is confessedly void, for the reason that the Court had no jurisdiction over their persons, and we look in vain into this order for any other judgment than the one against the owners. It is true, that the order contains a direction for the entry of a several judgment against-the land itself, but where is that judgment ? Surely not in this order, unless the direction to enter a judgment and the entry of it mean one and the same thing—a proposition to which I cannot assent. But if it were admitted, that the direction to enter judgment against the land itself for the taxes, interest and costs due upon the same”—which is all that is left of the order after striking out that part which refers to the personal judgment—was equivalent to the entry of such a judgment, I still think the judgment would be void. It would not conform even substantially to the form of the judgment required by statute, and would be uncertain both as to what land it was against, and for what amount of taxes, as it would contain no reference to the reported list from which those facts could be ascertained, and if it did, the judgment would not be for the amount of tax there reported, but for the amount due, whether reported or not. Such a judgment would be void for uncertainty. The legislature, in conferring jurisdiction upon the Courts, to enter judgments against delinquent lands, has prescribed the form of such judgments, and required the Courts to pursue it, as near as the nature of the case will admit. This requirement of the law, was wholly disregarded in the entry of the judgment under consideration. It is admitted, that the form of the judgment, without anything in the nature of the case to require it, is wholly.varient from the one prescribed by statute. In my opinion, the Court was as much bound to comply substantially with the requirement of the law, prescribing the form of the judgment, as in any other particular. I think the Circuit Court decided rightly, in excluding the judgment from the consideration of the jury.